O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Grating in part and Denying in part Defendant's Motion to Dismiss

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue and Failure to State a Claim. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part Defendant's Motion.

I.   Background

On September 14, 2010, Plaintiff The Regents of the University of California on behalf of the University of California, Los Angeles Medical Center ("Plaintiff" or the "Hospital") filed this lawsuit against Global Excel Management, Inc. ("Defendant" or "Global"). Global is a Canadian corporation in the business of "arranging for the provision of health care services to its enrollees and/or paying for or reimbursing part or all of the cost for the services." *Compl.* ¶ 2. According to the Complaint, the Hospital provided medical services to an individual enrolled in a "health care plan sponsored and/or administered by Global" after Global assured the Hospital that it would "pay for the costs associated with the medical services." *Id.* ¶¶ 7-8. When the Hospital subsequently sought payment in the amount of $763,515.37, Global paid only $259,488.13 and has since failed to pay the remaining balance. *See id.* ¶¶ 11-13. As a result, the Hospital sued Global for (1) breach of implied-in-fact contract, (2) *quantum meruit*, and (3) violation of California's Health and Safety Code § 1371.4, which generally requires reasonable payment for emergency services performed.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

Global filed the pending Motion to Dismiss for improper venue and failure to state claim under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), respectively. Global bases its improper venue argument on the presence of a forum selection clause in a health care service plan entered into by the patient and both Ace Insurance Limited ("Ace") and AIG Australia ("AIG"). *See Reed Decl.*, Ex. A. Both Ace and AIG are Australian insurance companies and the forum selection clause requires litigation related to any dispute under the policy or the policy's formation to occur in Australia. *See id.* For the reasons that follow, the Court GRANTS in part and DENIES in part Defendant's Motion.

II.     Legal Standard

Defendant's Motion relates to Rules 12(b)(3) and 12(b)(6).

    A.     Dismissal for Improper Venue under Rule 12(b)(3)

A motion to dismiss based on the presence of a forum selection clause is treated as a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Under Rule 12(b)(3), a court need not accept the pleadings as true and "may consider facts outside of the pleadings." *See id.*; *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). But the significant impact of granting a 12(b)(3) motion requires that the trial court "draw all reasonable inferences in favor of the non-moving party and resolve all factual-conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2003).

"In the light of present-day commercial realities and expanding international trade[,] . . . [a] forum [selection] clause should control absent a strong showing that it should be set aside." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907 (1972). In fact, forum selection clauses in international agreements are "*prima facie* valid and should not be set aside unless the party challenging the enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta v. Banco Mexicano*, 87 F.3d 320, 325 (9th Cir. 1996). Reasonableness is defined narrowly in this context and a forum selection clause is unreasonable only if:

>   (1) its incorporation into the contract was a result of fraud, undue influence, or overweening bargaining power . . . (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

purposes be deprived of its day in court . . . or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Id.* (explaining the *Bremen* exceptions). The burden is on the party challenging a forum selection clause to present persuasive evidence as to its validity. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984) (cited by *Tra Industries, Inc.*, 2010 WL 2854251, at *3).

B.  Dismissal for Failure to State a Claim under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.  Discussion

The Court will first address venue then whether Plaintiff adequately states a claim.

A.  Defendant's Motion to Dismiss for Improper Venue

Defendant correctly restates the law governing contractual forum selection clauses in international agreements, but fails to consider that the in order for the forum selection clause to apply, the contract must be valid and enforceable as to each party. Defendant does not contest the fact that the Hospital never agreed to a forum selection clause or that it was even a party to the policy containing the forum selection clause at issue. *See e.g., Rollins v. Maui Dreams Dive Co.*, CV 10-0336 HG, 2010 WL 4386755, at *11 (D. Hawai'i Oct. 29, 2010) (refusing to enforce a contractual forum selection clause against a defendant who was not a party to the contract); *Bus. Buyer Directory, LLC v. Nw. Capital Appreciation, Inc.*, CV 08-1606 PHX, 2009 WL 1698917, at *2 (D. Ariz. June 16, 2009) (refusing to enforce a forum selection clause where there was no evidence that the defendant "agreed to be bound by the contract and its forum selection clause"). In fact, Plaintiff's claims are based on an agreement reached in a telephone call between it and Global, not on the policy itself, and neither party argues that this is an assignment of benefits case.[1]

---

[1] The Court notes that under different factual circumstances this result may be different and the Hospital might be required to litigate its claims in Australia. For example, in *Cedars-Sinai Medical Center v. Global Excel Management*, this Court determined that a forum selection clause in a similar policy was enforceable and that litigation was not proper in this forum. *See* CV 09-3627 PSG (AJWx), Dkt. #63. In that case, however, the Complaint included allegations that Cedars-Sinai was the assignee of benefits under the patient's policy. *See, e.g.,* CV 09-3627 PSG (AJWx), Dkt. #1, ¶ 26. As a result, Cedars-Sinai was bound by the terms of the policy,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

The Hospital is not a party to the contract Global seeks to enforce. As a result, the Court DENIES Defendant's motion to dismiss for improper venue.

    B.    <u>Defendant's Motion to Dismiss for Failure to State a Claim</u>

Global also argues that this case should be dismissed because Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See Mot.* 11:3. Notably, Global only offers arguments in favor of dismissing the Hospital's *quantum meruit* and Cal. Health & Safety Code § 1371.4 claims, but not its breach of contract claim. The Court considers only those arguments raised.

    1.    *<u>Quantum Meruit</u>*

*Quantum meruit* is a "quasi-contractual claim which rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice." *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1090 (E.D. Cal. 2010). To state a claim for *quantum meruit*, a plaintiff generally must allege that it acted pursuant to either an express or implied request for services and that the services rendered benefitted the defendant. *See Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248, 119 Cal. Rptr. 2d 606 (Cal. Ct. App. 2002). In certain circumstances, however, a defendant may be liable for loss even though he or she does not directly receive the benefit. *See Earhart v. William Low Co.*, 25 Cal. 3d 503, 515, 158 Cal. Rptr. 887 (1979) (requiring the defendant to pay for the work that he requested plaintiff to complete, even though the benefit accrued to a third party); *see also* 1 *Witkin Summary of California Law: Contracts* § 1019 (10th ed. 2005).

Here, the Complaint alleges that "Global represented that it would pay UCLA Medical Center for rendering the [necessary] medical care," that the Hospital did provide the necessary care in reliance on Defendant's representation, and that Global failed to pay as promised. *See Compl.* ¶¶ 24, 26-27. Though treatment of the patient did not benefit Global directly, the

---

including the forum selection clause. In this case, however, assignment of benefits is not raised in the Complaint or in the motion papers and supporting declarations. Instead, the only claims relate to Global's breach of an agreement reached when the Hospital called Global and received a promise that emergency treatment would be paid for. *See, e.g., Compl.* ¶ 8.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-8164 PSG (AGRx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | The Regents of the University of California v. Global Excel Management, Inc. | | |

Complaint alleges that the Hospital performed services in reliance on an express promise to pay. Like in *Earhart*, the performance of services substantially benefitted a third party—here, the patient—but occurred based on Defendant's representation. *See Earhart*, 25 Cal. 3d at 515. Plaintiff has adequately stated a claim for *quantum meruit*.

        2.     California Health and Safety Code § 1371.4

Global's final argument is that the Complaint fails to state a claim under California Health and Safety Code § 1371.4 because "providers have standing only to pursue claims under the UCL or at common law under a *quantum meruit* claim," not under § 1371.4 directly. *See Mot.* 11:22-25. California Health and Safety Code § 1371.4 was enacted to "impose a mandatory duty upon health care plans to reimburse non-contracting providers for emergency medical services." *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 217, 31 Cal. Rptr. 3d 688 (Cal. Ct. App. 2005). Although the "Department of Managed Health Care has jurisdiction over the subject matter of section 1371.4 . . . there is nothing in section 1371.4" that precludes private causes of action to pursue reimbursement of amounts owed. *Id.* at 216-17. Nevertheless, those causes of actions are limited to other statutes, like California's Unfair Competition Law, or common law doctrines such as "equitable indemnity, comparative negligence, contribution," or *quantum meruit*. *See Coast Plaza Doctors Hosp. v. UHP Healthcare*, 105 Cal. App. 4th 693, 706-07, 129 Cal. Rptr. 2d 650 (Cal. Ct. App. 2002). The Hospital's stand-alone claim that Global violated California Health & Safety Code § 1371.4 is not proper and must be dismissed. The Hospital is still entitled to seek recourse for violations of § 1371.4 under the other common law claims in the Complaint.

IV.    Conclusion

Based on the foregoing, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss. The Court GRANTS the motion to dismiss as to Plaintiff's California Health & Safety Code § 1371.4 claim WITH PREJUDICE, and DENIES the remainder of the Motion.

     **IT IS SO ORDERED.**